IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ARTHUR B. HERNANDEZ, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL NO. 3:07-cv-00597 |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| et al. | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
## MOTION TO COMPEL AND FOR DISCOVERY SANCTIONS

COMES NOW, the Plaintiff, Arthur Hernandez, by counsel, and moves this Honorable Court to

overrule the Defendant's objections, to compel the Defendant to fully answer discovery, and for Rule 37

sanctions. As for his memorandum in support thereof, he states as follows:

### OVERVIEW

The Court will have a difficult time finding another case where a party has so flagrantly ignored

its Rule 26(a)(1) and discovery obligations as in the present matter against Defendant Bank of America.

Despite many, many attempts by Plaintiff's counsel by email and telephone to resolve the discovery

disputes, finally culminating in a 3-hr meet and confer call, Bank of America has not only refused to

compromise, but has provided no substantive answers to Plaintiff's Interrogatories, and almost no

documents. The few documents of any importance which it has provided are heavily redacted. An

example of these is provided as Exhibit B to this motion.

Then, just today, February 26, 2008, and despite previously offering a lengthy deposition

schedule for its employees across multiple states and venues, which Plaintiff immediately accepted

without limitation when it was offered, Bank of America has today notified the Plaintiff that it is not

producing its witnesses tomorrow morning in Delaware, nor will it produce any of the other witnesses it

previously offered for the remainder of the week or all of next week.

Despite having experienced certain instances of obdurate discovery conduct in the past with other

Defendants, this particular turn of events has left Plaintiff's counsel shocked and appalled at the

Defendant's flagrant approach to its discovery obligations.  He now grudgingly seeks assistance from

this Court to ensure that his right to full and fair discovery is safeguarded.

Plaintiff's argument in support of his motion could almost rely solely on its review of Bank of

America's boilerplate objections and generalized privilege log, which as the appropriate starting point,

are attached hereto as "Exhibit A".

Similarly, and despite the Plaintiff's countless attempts via emails as further described below and

with no real relevance objection, Bank of America only disclosed the names of its current and former

employees on February 20th, 2008, less than a month from the close of discovery on March 18, 2008.

Many of these are former employees that Plaintiff now must scramble to locate via background searches

and notice for deposition without even being able to assess the potential value of their testimony.  It

would be an understatement to say that the Plaintiff has incurred and continues to incur great prejudice

as a result of the Defendant's conduct.

## PROCEDURAL HISTORY AND 'MEET AND CONFER'

On January 16, 2008, Plaintiff served his Interrogatories and Requests for Production to Bank of

America.

On February 4, 2008 (arguably 3 days late by the "prior business day" term of J. Hudson's

2

scheduling order regarding deadlines that fall on weekends), the Defendant served its objections to discovery and a document that it labeled a privilege log.  Exhibit A.  The privilege log substantively failed to meet the requirements of Judge Hudson's scheduling order which requires that:

> If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work product doctrine, or any other privilege, the objecting party must provide the requesting party with an inventory list of the documents to which the objection is made, together with a brief description of the document, including the date, the author and the identity of each recipient, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection.

As the Court may note, Bank of America set forth multiple "general objections" and objected to nearly every other request using boilerplate objections ( for example, "vague, overbroad, unduly burdensome") and provided no information to Plaintiff at all as to which portion of the discovery requests it deemed unobjectionable, why it believed the request was overbroad, or what the burden in responding would be.   In the rare instances where it did explain what it believed was vague, the objections clearly fail the "red face" test – (e.g., vague as to "identify all persons", or objecting to a request for communications to/from the Plaintiff because it calls for "the mental impressions of counsel").

On February 5th, 2008, Plaintiff served a notice of deposition pursuant to Rule 30(b)(1) for several categories of the Defendant's employees to appear for depositions on February 27th.  This notice was never objected to by Bank of America.  Exhibit C.

On February 6th, 2008, the parties engaged in a lengthy settlement conference before Judge Dohnal.  Bank of America was the only party who had not settled by the time this conference was concluded.   The agreement at the conference was that Bank of America's counsel needed to confer

further with his client, following Plaintiff's agreement to let counsel ask the Plaintiff a series of questions informally at the conference for about a half-hour, but the Defendant's counsel stated that he thought settlement was a real possibility. In light of this, and before Judge Dohnal, the parties agreed to a "stand down" in discovery until Bank of America could respond conclusively as to settlement. The parties then discussed moving for a one-week extension of the discovery period to accommodate this effort to resolve the case.

On February 7, 2008, the very next day, and in what the Plaintiff contends was in nothing other than bad faith, the Defendant reneged on its agreement and inexplicably launched a barrage of subpoenas to third parties. It also noticed the appearance of two new attorneys in the case. Then, rather than forward notice of these subpoenas via email to Plaintiff's counsel, as had been the parties' practice to this point, it sent them via regular mail such that the Plaintiff did not learn of their issuance until the following Monday, February 11th. Of course, at this point, the Plaintiff had already surrendered 3 working days and a weekend which could have been used for issuing Plaintiff's own third-party discovery. This time was therefore lost. (Weekends are usually critical workdays for Plaintiff's counsel – particularly for those attorneys that are not new fathers).

On February 15, 2008, following several emails about the need to confer regarding Bank of America's objections and failure to identify witnesses and documents in its Rule 26(a)(1) disclosures, Plaintiff offered the Defendant the opportunity to remedy the deficiencies in its initial disclosures if it did so by 4pm on February 18, 2008. Exhibit D.

On February 18th, 2008, Bank of America responded and asked for an additional 48 hours to provide discovery answers and further agreed to a meet and confer call later that afternoon. Exhibit E.

4

Just before the call, Bank of America provided a document that purported to supplement its initial

disclosures and provide a more detailed privilege log. However the new disclosures did not identify any

Bank of America employees specifically and did not identify any documents regarding Bank of

America's ACDV investigation procedures or other documents that it would need to rely on to support

its defense. Exhibit F.

At 4pm, Plaintiff's counsel began a 3-hr long meet and confer call with the Defendant regarding

its objections, going through each and every Interrogatory and Request for Production of Documents in

excruciating detail. While the Defendant's counsel asked Plaintiff to state the relevance of many of

these requests (therefore, in some respects, effectively asking Plaintiff to tip his hand as to litigation

strategy) it became quickly apparent during this call that counsel for the Defendant did not come to the

call with the authority to compromise. While the Plaintiff offered to compromise, and disclosed how he

would use the discovery requested if it was provided, the Defendant refused to withdraw its objections to

any particular discovery request in their entirety, with the exception of a single and very minor

Interrogatory.

Further, while counsel for the Defendant indicated that he thought that limited answers to certain

requests would be forthcoming, he would not say specifically when even those limited responses would

be provided. He further indicated his belief that he was not required to withdraw his objections in order

to respond to discovery. Plaintiff's counsel took the opposite view, pointing out the clear and

disjunctive language of Local Rule 37(A) – if discovery requests are objected to or are not fully

complied with, it is the responsibility of the party issuing discovery to bring the issue before the Court.[1]

---

1 This Court may recall a previous J. Hudson case in which Plaintiff engaged in meet and confer efforts over a 3-week period and ultimately filed her motion to compel a day late. This Court rightfully denied that motion. The timeframes, deadlines and

Plaintiff's counsel further informed Defendant's counsel that he has listened to Judge Brinkema speak several times at CLEs regarding the proper discovery conduct for those that litigate in this District. She has stated that three options are available to a party who is answering discovery. It can either a) object completely, b) answer completely without objection, or c) object but while stating which part of the request it deems to be non-objectionable and will be answered.  J. Brinkema has further stated that objections are due in 15 days within this District because the Rules contemplate that the parties shall begin to meet and confer upon the objections which, accordingly, must necessarily be detailed and specifically crafted to the discovery request posed.  The Defendant's counsel rejected this interpretation of the Rules and chose to stand on nearly all of his objections.

On February 20, 2008, Bank of America sent a letter to the Plaintiff with regard to the Rule 30(b)(1) deposition notice.  Exhibit G.  It proposed a list of dates and locations for the employees that Bank of America represented were responsive to Plaintiff's Rule 30(b)(1) notice.  Despite that Plaintiff was (and is) without discovery answers to help him understand the potential knowledge held by each witness, Plaintiff accepted the proposal immediately and without qualification.  The first of these depositions was scheduled to begin on February 27th, 2008 in Delaware as to the vaguely referenced "Delaware employees".

On February 26th, 2008, around noon, Plaintiff's counsel received a call from counsel for the Defendant indicating for the first time that the depositions scheduled for February 27th and 29th would not go forward, and additionally, that the depositions scheduled for the following week would be postponed as well.  When Plaintiff's counsel asked about Bank of America's discovery responses which

discovery obligations set forth by this Court's Local Rules are not subjective.

were due 8 days earlier (on February 18th), counsel for the Defendant stated that they would not be produced today and could not promise a date for their delivery.

The Plaintiff recognizes that his need to raise these discovery issues places a burden on the already limited judicial resources of this Court. But without any discovery responses from the Defendant, in the face of blanket objections to every discovery requests, and with depositions being cancelled less than 24 hrs before they were to start, the Plaintiff is left with no other options. Accordingly, the Plaintiff seeks this relief only as a last resort and expressly apologizes to the Court for the need to do so.

### BANK OF AMERICA'S BLANKET OBJECTIONS ARE NOT PERMITTED BY THE FEDERAL OR LOCAL RULES

Plaintiff has supplied Bank of America for the authority which supports his contention that boilerplate objections such as "vague", "overbroad", "unduly burdensome", and "irrelevant" are insufficient on their face without factual support and/or a description such as, for example, which terms are vague or why the request is overbroad.

Nonetheless, Bank of America has refused to retract the same generalized objections that it set forth in this matter and that it asserts should apply to each and every discovery request.

Bank of America has also failed to move for a protective order, understandably so, given the high threshold that must be met to qualify for protection, particularly in this District and this Division. Plaintiff will not belabor the point by again reciting the volumes of case law which has interpreted the Rule 26(c) standard for protective orders (much of which has originated from this District with regard to national security matters and which is additionally reflected in the Local Rules), but asks the Court to keep the burden of production on Bank of America's shoulders with regard to its failure to obtain such

protection.

General blanket objections do not comply with Fed. R. Civ. P. 34(b) and courts have uniformly expressed their disfavor for them. *Pulsecard, Inc., v. Discover Card Services*, 168 F.R.D. 295, 303 (Kan. 1996). *See, St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, (N.D. IA 2000). Where there is a claim that the discovery sought is overburdening, the party making the claim must articulate with specificity the nature and costs associated with the claimed burden and why these are alleged to outweigh the goal of liberal discovery. *Marena v. Carrabba's Italian Grill*, 196 .R.D. 35 (Md. 2000). Blanket objections and mere conclusions are never proper or sufficient. *Id.*; *Eureka Fin. Corp. v. Hartford Acc. & Ind. Co.*, 136 F.R.D. 179, 182-183 (E.D. CA. 1991).

Courts have routinely granted motions to compel and even sanctions where a party responding to discovery utilizes frivolous, boiler-plate objections. Such obstructionist tactics are not to be condoned. The only way to combat this practice is to penalize those who thwart court orders and interpose improper and frivolous objections to discovery. *St. Paul Reinsurance Co., et al v. Commercial Fin. Corp.*, 198 F.R.D. 508 (N.D. IA. 2000). Generalized objections are likewise not sufficient to properly respond to discovery. *Cipollone v. Liggett Group*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Burns v. Imagine Films Entertainment*, 164 F.R.D. 589, 592-593 (W.D. N.Y. 1996); *Chubb Integrated Systems v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.C. 1984).

The responding party may object to any item or category of documents or things requested, in whole or in part. However, in order for an objection to be effective, the respondent must identify the specific document or evidence requested as to which the objection is made and set forth the specific reasons for the objection, including any claims of privilege or work product protection. Fed. R. Civ. P.

34(b).  Further, if the respondent decides to withhold any document as privileged, they are required to identify and describe the documents in sufficient detail to enable the other party to contest the claim.  To that end, Fed. R. Civ. P. 26(b)(5) requires that the party objecting on the basis of privilege provide a "privilege log" which describes the general nature of the document, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the documents present location, and the specific reason or reasons it was withheld. *Protective Nat. Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 285 at (fn.3).  No privilege log has been provided by Bank of America in this matter which identifies a certain document with enough specificity so as to allow the Plaintiff to ascertain the nature of the document and determine whether the asserted of privilege is well-founded.  The "amended privilege log" furnished just days ago is similarly deficient.

## THE DISCOVERY REQUESTS PROPOUNDED ARE NOT VAGUE OR AMBIGUOUS.

In this case, Bank of America has entered many boilerplate objections that certain requests are "vague" and "ambiguous."  As such, the issue is whether these types of objections are sufficient to relieve Bank of America from its obligation to produce any of the requested materials.  Under applicable case law, these objections are insufficient.  Boilerplate objections such as these are discouraged by the rules, *See, St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, (N.D. IA 2000); Further, generalized statements that a request is a vague and ambiguous are not helpful to the court.  Instead, such objections should be sufficiently specific to allow the court to understand the request is deficient. *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996); *see also, Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996).

## THERE IS NO SHOWING OF UNDUE BURDEN IN PRODUCING
## THE REQUESTED DOCUMENTS

9

To voice a successful objection to a discovery request, an objecting party may not simply intone the familiar "overly broad, burdensome, oppressive and irrelevant" litany. The mere statement by a party that a discovery request is burdensome is not adequate to voice a successful objection to discovery. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1982). See also *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). The objecting party must objectively support its claim. It must demonstrate specifically how, given the liberal construction afforded the federal discovery rules, the discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (ED.PA 1980). *See also, Burns v. Image Films Entertainment*, 164 F.R.D. 589, 593 (WD NY, 1996).

The duty of establishing the propriety of an objection based on a claim that the request is unduly burdensome is on the objecting party. *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (Kan. 1991); *see also, Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 353 (N.J. 1990); *G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J.1990); *Flora v. Hamilton*, 81 F.R.D. 576 (M.D.N.C. 1978). The objection must show with specificity how the discovery request is overly broad, burdensome, or oppressive and submit affidavits in support or offer evidence which reveals the nature of the burden. *Chubb Integrated Sys. Ltd. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.C. 1984); *see also, Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42-43 (S.D.N.Y. 1984); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979); *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325,

332 (D. Kan. 1991).

"The onus is therefore on the party objecting to discovery to state the grounds for the objection **'with specificity.'** [Civ.R.]. 33(b)(4). Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa.). Without a clear showing that the request is truly over burdensome, the objection will not be allowed. The "mere" fact that discovery requires work and may be time consuming is not sufficient to establish undue burden. *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991); *see also, Luey v.Sterling Drug, Inc.*, 240 F. Supp. 632, 634-35 (W.D. Mich. 1965); *United States v. Nysco Labs.*, 26 F.R.D. 159, 161-62 (E.D.N.Y. 1960).

In this case, Bank of America has objected to requests for production on the grounds of over breadth and/or undue burden. The objection is unaccompanied by any explanation or evidence of the burden. Rather, Bank of America has simply intoned the objection and left the plaintiff with no evidence. In sum, these objections are improper and must be overruled.

## BANK OF AMERICA APPLIES THE WRONG STANDARD FOR DISCOVERY

Throughout its objections, and in its "meet and confer" with counsel and hearing before this Court, Bank of America has taken the position that the information or documents sought by the Plaintiff "are not relevant." It seeks to withhold from production entire manuals or documents it unilaterally deems irrelevant or too burdensome to produce. As stated numerous times by Plaintiff's counsel in the "meet and confer" discussion, this is not the standard for discovery. While Plaintiff very much believes that the discovery sought is relevant, it is inarguable that it is at least "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26.

11

Under Fed. R. Civ. P. 26, Plaintiff may discover any materials that are not privileged if the materials requested are reasonably calculated to lead to admissible evidence. Rule 26 is very broad, permitting a wide range of inquiry at the pre-trial stage. If there is any possibility that the information sought may be relevant, the court should permit the discovery. *Hickman vs. Taylor*, 329 U.S. 495, 67 S. Ct. 385 (1947). The policy underlying this rule is to promote fair litigation, through mutual knowledge of relevant facts. Therefore, the rule is to be liberally interpreted in favor of granting discovery. *Hickman*, at 597, 67 S. Ct. at 392.

Further, "relevancy" as defined in Rule 26 is much broader than the concept of what might be relevant at trial. "Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Biliske vs. American Live Stock Ins.. Co.*, 73 F. R. D. 124, 125 (W.D. OK. 1977). Discovery of such "relevant" information "is construed broadly to include 'any' matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Midland-Ross Corp. vs. United Steelworkers of America*, 83 F.R.D. 426 (W.D. PA.1979), *quoting*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978). Recognizing this general policy of free and open discovery, the scope of discovery is within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

In addition to being necessary to foster fairness and discourage gamesmanship, broad discovery also promotes judicial efficiency. This is accomplished by enabling the parties to learn all the facts necessary to either negotiate a reasonable settlement or to adequately prepare for trial. The parties and the court benefit from lack of surprise and unnecessary delays caused by inadequate preparation. Also,

12

the enforcement of free and open discovery from the outset of the case helps to avoid the wasteful

discovery disputes which take up the court's time and resources. Broad discovery promotes settlement

as all parties are able to learn facts related to their claims, make a proper evaluation of their case, and

engage in informed settlement negotiations. All American courts agree that discovery should be

extremely broad. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199 (1984); *Herbert v. Lando*,

441 U.S. 153, 99 S.Ct. 1635 (1979); *Hickman v. Taylor*, 329 U.S. 495 (1947).

The broad general definition of relevancy previously discussed also applies to the discovery of

documents. *Miller v. Federal Express Co.*, 186 F.R.D. 376 (U.S.D.C. W.D. Tenn. 1999). Discovery of

documents is permitted where the documents might lead to the discovery of admissible evidence. *Id.*

With documents, as with discovery in general, relevance is determined by whether the information or

documents sought relate to a claim, defense, or credibility of a witness. It also includes whether the

information sought might reasonably lead to the discovery or location of evidence that is relevant and

admissible. *Scouler v. Craig*, 116 F.R.D. 494 (N.J. 1987); *Hickman v. Taylor, supra*, ("No longer can the

time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into facts underlying

the opponent's case.").

Discovery is designed to take the "game" element out of trial preparation by enabling parties to

obtain the evidence necessary to evaluate and resolve their dispute beforehand. *Herbert v. Lando*, 441

U.S. 153, 177, 99 S.Ct. 1635, 1649. As stated by the 6th Circuit:

> Our system of discovery was designed to increase the likelihood that justice will be
> served in each case, not to promote principles of gamesmanship and deception in which
> the person who hides the ball most effectively wins the case.

*Abrahamsen v. Trans-State Express*, 92 F.3d 425, 428-28 (6th Cir. 1996).

13

Courts considering motions to compel have held that the party objecting to production of documents has the burden of proving that the records are either not relevant or that the burden of production is so great as to outweigh the need for fair discovery and the goals of discovery. *Oleson v. KMart*, 175 F.R.D. 560, 565 (Kan. 1997); *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 ( S.D. N.Y. 1987). The party seeking to deny discovery has an affirmative duty to articulate facts, as opposed to mere conclusions, regarding the alleged lack of relevancy or burden. Where there is a claim that the discovery sought is overburdening, the party making the claim must articulate with specificity the nature and costs associated with the claimed burden and why these are alleged to outweigh the goal of liberal discovery. *Marena v. Carrabba's Italian Grill*, 196 F.R.D. 35 (Md. 2000). Blanket objections and mere conclusions are never proper or sufficient. *Id.*; *Eureka Fin. Corp. v. Hartford Acc. & Ind. Co.*, 136 F.R.D. 179, 182-183 (E.D. CA. 1991).

In short, Plaintiff is entitled to discovery answers which are not subject to the "cut and paste" boilerplate objections filed by Bank of America. Bank of America has yet to provide a factual and specific basis to support <u>any</u> of its objections. Further, with regard to Bank of America's initial disclosures, the Defendant has an obligation pursuant to Fed. R. Civ. P. 26(a)(1) to provide <u>at the outset of the case</u> both:

*(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; and*

*(B) a copy of, or a description by category and location of, all documents, data compilations and tangible things that are in the <u>possession, custody or control of the party</u> and that the disclosing*

14

*party may use to support its claims or defenses, unless solely for impeachment.*

Fed. R. Civ. P. 26(a)(1) (emphasis added)

It is noteworthy that the Rule calls for litigants to disclose (and in this case, by agreement, to actually provide) all documents that are in the disclosing party's possession, custody or control. Notably missing from the Defendant's initial disclosures due on January 16, 2008 are any policy manuals, procedure manuals, employee training manuals, or even any business records that indicate what action was taken by its employees with regard to the 5 disputes that were forwarded to it by the credit reporting agencies, or what the Bank's policies for processing FCRA disputes were. Even the very identity of the ACDV employees themselves was withheld under very recently, leaving the Plaintiff with 3 weeks to acquire the discovery needed to present his case.

Accordingly, pursuant to Rule 37(a)(2)(B), Plaintiff now moves that this Court overrule the Defendant's objections, and compel full responses to each of the discovery requests propounded. Plaintiff also seeks an extension of the time within which he may conduct discovery such that it would obviate the prejudice he has suffered as a result of the Defendant's discovery conduct.

## SANCTIONS

Finally, the Plaintiff seeks the entry of other discovery sanctions against the Defendant as follows:

(1) With regard to the Defendant's failure to make meaningful initial disclosures as required by Rule 26(a)(1) and its decision to severely redact the few documents it produced, as shown in Exhibit B , Plaintiff moves pursuant to the clear language of Rule 37(c)(1) that the Court preclude the use by the Defendant of any document or the testimony of any witness, at trial or by affidavit, that was not provided

15

and disclosed by the Defendant on January 16, 2008 when the parties made their initial disclosures.[2]
Further, given that the Defendant did not timely disclose or provide a single document demonstrating
that an FCRA investigation was performed at all, or the identity of any witness who allegedly conducted
such an investigation, the Plaintiff hereby moves as contemplated by Rule 37(c)(1), incorporating Rule
37(b)(2)(A), that the Court enter an order establishing for purposes of trial that no investigation required
by 15 U.S.C.§1681s-2(b) was performed by the Defendant with regard to the 5 ACDV disputes
forwarded to it by the credit reporting agencies on 2/21/06 (Equifax), 4/18/07 (Experian), 5/30/07
(Experian), 6/4/07 (Trans Union) or 1/28/08 (Experian); and

(2) With regard to the Defendant's failure to attend the deposition as noticed and as it previously
agreed, upon which Plaintiff relied to his detriment, Plaintiff moves that the Court enter an Order
requiring each of the Defendant's employees and subcontractors to appear at Reed Smith's offices in
Richmond for a deposition within seven days from the date of the Order and further, that the Defendant
shall bear all cancellation costs incurred by the Plaintiff as well as the cost of the court reporter and
videographer to transcribe and record on an expedited basis each of the depositions which is to take
place as Ordered.

## RULE 37(a)(2)(A) CERTIFICATION

Plaintiff's counsel hereby certifies that he has made a good faith effort to resolve this dispute,
that he has attempted to meet and confer with the Defendant regarding these discovery issues, that the
Defendant has refused to comply with discovery as indicated herein, that he and his co-counsel have
spent considerable time attempting to resolve the present discovery dispute.

---

2 While the Rule contemplates that a party may either provide a copy of a document or describe it , the parties in this case
agreed during the Rule 26(f) conference to provide actual copies of documents. Plaintiff and each of the other Defendants did

Accordingly, Plaintiff moves that the Court overrule the Defendant's discovery objections, compel full responses to discovery and enter sanctions against the Defendant pursuant to Rule 37(a) and 37(c) as requested herein.

Respectfully submitted,
**ARTHUR HERNANDEZ,**

_/s/_
MATTHEW J. ERAUSQUIN, VSB#65434
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
3615-H Chain Bridge Road
Fairfax, VA 22030
Tel:    703-273-7770
Fax:   888-892-3512
matt@clalegal.com

so in good faith. Regardless of the agreement, such documents and witnesses were neither provided nor disclosed by BOA.

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2008, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Curtis G. Manchester
Reed Smith LLP
901 East Byrd Street, Suite 1700
Richmond, VA 23219
(804) 344-3436
(804) 344-3410 (fax)
cmanchester@reedsmith.com


                                        /s/
                          _____
                          MATTHEW J. ERAUSQUIN, VSB#65434
                          LEONARD A. BENNETT, VSB #37523
                          *Counsel for the Plaintiff*
                          CONSUMER LITIGATION ASSOCIATES, P.C.
                          3615-H Chain Bridge Road
                          Fairfax, VA  22030
                          Tel:    703-273-7770
                          Fax:    888-892-3512
                          matt@clalegal.com

18